## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**MILAGROS DEL VALLE** on behalf
of herself and all others similarly
situated individuals,

              Plaintiff,                    **CASE NO.**

vs.

**GASTRO HEALTH, LLC**, a Florida
limited Liability Company, f/k/a         **JURY TRIAL DEMANDED**
**GASTRO HEALTH, PL,** f/k/a
**GASTROENTEROLOGY CARE**
**CENTERS, LLC.**

              Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **MILAGROS DEL VALLE** ("Plaintiff" or "Del Valle") through undersigned

counsel, files this Complaint and Demand for Jury Trial against Defendant, **GASTRO**

**HEALTH, LLC** a Florida Limited Liability Company, f/k/a **GASTRO HEALTH, PL** f/k/a

**GAESTROENTEROLOGY CARE CENTERS, LLC** collectively ( "Defendant" or "Gastro

Health") and states as follows:

## PRELIMINARY STATEMENT

1.      This is a claim by Plaintiff **MILAGROS DEL VALLE** against her former

employer, **GASTRO HEALTH, LLC,** f/k/a **GASTRO HEALTH, PL** f/k/a

**GAESTROENTEROLOGY CARE CENTERS, LLC**, for violations of the Family Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Section 510 of the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*., and the Florida Civil Rights Act

("FCRA"), Fla. Stat. § 760 *et. seq.*

2.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).   The FMLA provides eligible employees, like Del Valle with unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. § 2612(a)(1).  An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work.  29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

3.      The Florida Civil Rights Act ("FCRA")is also a remedial statute aimed at combating discrimination against individuals with physical or mental disabilities.  The FCRA is meant to protect employees, like Del Valle, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical handicap, or for asking for a reasonable accommodation related to the handicap.

4.      The Employee Retirement Income Security Act ("ERISA") was passed in 1974. In passing the Act, Congress found that the "continued well-being and security of millions of employees and their dependents" depends directly on ensuring safeguards with respect to employee benefit plans. 29 U.S.C. § 1001(a).  Congress also found it to be "desirable in the interests of employees and their beneficiaries, for the protection of the revenue of the United States, and to provide for the free flow of commerce, that minimum standards be provided assuring the equitable character" of employee benefit plans under ERISA. *Id*.

5.      ERISA was enacted "to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries . . . establishing standards of

conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). Section 510 of ERISA makes it unlawful "for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140.

6.      Plaintiff, MILAGROS DEL VALLE, suffered from multiple disabilities that were also chronic health conditions entitling her to benefits under the FMLA, and protection from discrimination under the FCRA.  Ms. Del Valle made Defendant aware of her health condition and her doctor's treatment plan who recommended she take a medical leave.  Ms. Del Valle initially requested and was approved for a one (1) week medical leave using her vacation/paid time off. Despite the Defendant's knowledge of her need for leave, Defendant failed to provide her notice of her FMLA rights, or designate her upcoming leave as FMLA protected leave. Shortly after, and closer to her initial leave date of August 12, 2019, Ms. Del Valle contacted human resources requesting FMLA paperwork.  On or about August 8, 2019, just four (4) days before starting her initial medical leave, and one (1) day after she asked for the FMLA papers, she was terminated. Ms. Del Valle qualified for FMLA leave, she had FMLA leave available to her, and she was denied the leave and terminated instead.   The stated reason for Ms. Del Valle's termination was manufactured after she disclosed her need and intentions to take medical leave as a means of discrimination and retaliation against Ms. Del Valle and/or interfering with her rights under the FMLA, Section 510 of ERISA and the FCRA.

7.      Accordingly, Ms. Del Valle seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendant's actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable

attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and the FMLA and ERISA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

9.      Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district, and the majority of the acts complained of took place in this judicial district.

## PARTIES

10.     At all times material hereto, Ms. Del Valle was a resident of Miami-Dade County, Florida.

11.     At all times material to this action, Gastro Health, LLC f/k/a Gastro Health PL f/k/a Gastroenterology Care Centers, LLC ("Defendant") was and continues to be a Limited Liability Company, doing business in Miami-Dade County, Florida, and has continuously had at least 50 employees.

12.     At all times material to this action, Defendant operated within Miami-Dade County, specifically at the Gastro Health, LLC located at 9500 South Dadeland Blvd. Suite 200, Miami Florida 33156.

13.     At all times material to this action, Defendant was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14.     The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee".  29 U.S.C. 2611(4)(ii)(I).

15.     Defendant is employer as defined under the FLMA.

16.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

17.     From on or about March 12, 2018 to her termination on or about August 8, 2019, Plaintiff was employed as an Imaging and Infusion Manager employee, overseeing staff performing ultrasounds, CT's and administering injections on patients at Defendant's location in Dadeland, Florida.

18.     Defendant employed Plaintiff as an Imaging and Infusion Manager employee.

19.     Defendant is an employer under the FMLA because it is engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

20.     At all times relevant hereto, Plaintiff worked at a location where Defendant, employed 50 or more employees.

21.     At all times relevant hereto, Defendant is an employer as defined by 29 U.S.C. 2611(4).

22.     At all times material to this action Defendant directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

23.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

24.     At all times material hereto, Plaintiff has a disability as defined by Fla. Stat. 760

et. seq., that substantially limits one or more major life activities.  Plaintiff's condition/disability caused her to be substantially limited in major life activities, and as per Plaintiff's treating doctor, medical leave was imminent and necessary.

25.     Plaintiff is covered by the FCRA because she is an individual who:

a.  Has a physical impairment that substantially limits one or more major life activities or bodily functions;

b.  Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

c.  Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

26.     At all times relevant, Defendant was the "employer" as defined by Fla. Stat. 760, *et. seq*.

## CONDITIONS PRECEDENT

27.     On or around January 2019, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

28.     Plaintiff files her complaint within the applicable statute of limitations.

29.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

30.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

31.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq, and the FCRA, because Plaintiff validly exercised her rights pursuant to the

FMLA/FCRA and Defendant: (i) interfered with Plaintiff's right to take FMLA leave, manage her own leave, and her right to reinstatement; (ii) failed to provide Plaintiff with notice of her rights under the FMLA; and (iii) discriminated and retaliated against Plaintiff by terminating Ms. Del Valle as soon as she contacted HR and requested her FMLA paperwork.

32.     At all times relevant to this action, Defendant failed to comply with the FCRA because Plaintiff disclosed the nature and extent of her disabilities, and as a result, Defendant discriminated and retaliated against Plaintiff because of her real or perceived disabilities.

33.     At all times relevant to this action, Plaintiff disclosed her need to use medical benefits provided by the Defendant's health and wellness medical benefits policies, and was subsequently discriminated and retaliated against because of her intent to use such benefits and actual use of such benefits.

34.     Defendant is a leading medical group made up of physicians and advanced practitioners specializing in the treatment of gastrointestinal disorder, nutrition, and digestive health. https://www.gastrohealth.com.   The Defendant operates in locations across the country such as Alabama, Florida, Maryland, Ohio, Virginia, and Washington and with over 240 physicians.

35.     Ms. Del Valle was hired as an Imaging and Infusion Manager employee with Defendant in or around March 2018.

36.     Ms. Del Valle continued to work as an Imaging and Infusion Manager without incident until her termination on or around August 8, 2019.

37.     In or around October 2018, Ms. Del Valle, was home and suffered from an emergency medical occurrence that required immediate and emergency medical treatment.

38.     Ms. Del Valle informed her supervisor the next day and was allowed to work from home.

39.     Ever since, Ms. Del Valle remained under doctor's care and was treated for her serious medical condition and disabilities.

40.     As Ms. Del Valle's health condition continued to worsen, her treating doctor recommended and insisted she take a medical leave to alleviate her stress while undergoing treatments.

41.      Ms. Del Valle sent an email request/calendar invite to her supervisor, Jennifer Muina, asking for one week off from work, using her PTO/vacation.

42.     Ms. Del Valle told her supervisor that her leave request related to her serious medical condition and disabilities, and Ms. Muina accepted the calendar invite.

43.     On August 5, 2019, Ms. Del Valle reminded Ms. Muina of her upcoming medical leave and the same day, walked into HR's office and inquired about FMLA leave paperwork.

44.     On or around August 8, 2019, one day after she inquired about FMLA, Ms. Del Valle was called into Ms. Muina's office along with the Head of HR Ana Pardino, and they terminated her employment.

45.     When Ms. Del Valle asked why she was being terminated, Ms. Pardino's answer was because they didn't feel she was happy at work.

46.     Defendants' reason for terminating Plaintiff was pre-textual.

47.     Defendants' reason for termination Plaintiff was manufactured, post hoc, after Plaintiff engaged in activities protected by the FMLA, ERISA, and the FCRA.

48.     Ms. Del Valle had a disability; she made the Defendant aware of this disability, and requested the paperwork to take FMLA leave for this disability.

49.     At the time of her termination, Plaintiff was eligible for FMLA leave.

50.     At the time of her termination, Defendant was aware of Plaintiff's intent to take FMLA covered leave.

51.     Plaintiff's notice(s) for her need for leave was sufficient to alert Defendant that her request was for FMLA covered leave.

52.     Plaintiff suffered from a serious health condition as defined by the FMLA as her condition was:

a.      An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

b.      An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

c.      An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

d.      An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

e.      An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

53.     Plaintiff was, at all times relevant, a qualified employee as defined by the FMLA and the FCRA.

54.     Defendant terminated Plaintiff before she was allowed to provide additional information so that Defendant could reasonably determine whether the FMLA and the FCRA applied to her need for time off work.

55.     Defendant's termination of Plaintiff on August 8, 2019, interfered with Plaintiff's right to take available FMLA-covered leave.

56.     Defendant's termination of Plaintiff on August 8, 2019 interfered with her right to reinstatement to the same or similar position after taking available FMLA-covered leave.

57.     Defendant's termination of Plaintiff on August 8, 2019 was in retaliation for Plaintiff requesting to take FMLA-covered leave.

58.     Defendant's termination of Plaintiff on August 8, 2019 was in retaliation for having requested a reasonable accommodation. .

59.     Defendant's termination of Plaintiff on August 8, 2019 was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave and/or complaining about discriminatory, harassing and hostile treatment.

60.     Defendant's termination of Plaintiff on August 8, 2019 was designed to dissuade Plaintiff's coworkers from asserting their rights under the FCRA.

61.     Defendant fired Plaintiff in whole or in part because of her disability(ies) and/or perceived disability(ies).

62.     Defendant's termination of Plaintiff on August 8, 2019 interfered with the rights afforded to Plaintiff by ERISA, the FMLA, and the FCRA.

63.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

64.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FCRA covered leave in the future.

65.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by Plaintiff's exercising her rights under an employee benefit plan covered by ERISA (i.e. her need to seek medical treatment covered by her health insurance).

66.     Plaintiff's FMLA-covered absences and/or her likely need for future FMLA-covered leave was a substantial or motivating factor in Defendant's decision to terminate her.

67.     Plaintiff's exercising of her rights to an employee benefit plan covered by ERISA and/or her likely need for future benefits under his ERISA-covered plan was a substantial or motivating factor in Defendant's decision to terminate her.

68.     Plaintiff's disability/perceived disability was a substantial or motivating factor in Defendant's decision to terminated her.

69.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

70.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's exercising of her rights under an employee benefit plan covered by ERISA.

71.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

72.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

73.     Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

74.     Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

75.     Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

76.     Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

77.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

78.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under Section 510 of ERISA.

79.     Defendant's actions constitute interference with Plaintiff's right to an employee benefit plan covered by ERISA.

80.     Defendant's actions constitute discrimination in violation of the FCRA.

81.     Defendant's actions constitute interference with Plaintiff's rights under the FCRA.

82.     Defendant's actions constitute retaliation for requesting a reasonable accommodation under the FCRA.

83.     Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

84.     Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

85.     Defendant's actions, if left unchecked, will deter other employees from exercising their rights under ERISA, the FCRA and/or the FMLA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

86.     Plaintiff re-alleges all factual allegations contained within paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

87.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

88.     Defendant was Plaintiff's employer as defined by the FMLA.

89.     At all times relevant hereto, Defendant interfered with Plaintiff's right to take FMLA leave under the FMLA.

90.     At all times relevant hereto, Defendant interfered with Plaintiff's right to manage her own leave by failing to provide her notice once Defendant became aware that Plaintiff needed or desired to take FMLA protected leave.

91.     By terminating Plaintiff after she requested FMLA leave paperwork, Defendant interfered with Plaintiff's right to be reinstated to the same or similar position after requesting and potentially taking FMLA protected leave.

92.     At all times relevant hereto, Defendant's interference with Plaintiff's right to leave, right to manage her own leave, and reinstatement violated the FMLA.

93.    Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

94.    Plaintiff's condition is "chronic" within the meaning of the FMLA.

95.    Plaintiff was entitled to FMLA protected leave.

96.    Defendant is subject to the requirements of the FMLA.

97.    Plaintiff provided adequate notice of her serious health condition to Defendants.

98.    Defendant was aware of Plaintiff's serious health condition and her need for FMLA protected leave.

99.    Plaintiff had not exhausted her entitlement to FMLA leave at the time.

100.    Defendant terminated Plaintiff one (1) day after Plaintiff contacted HR and requested FMLA paperwork.

101.    By terminating Plaintiff Defendant interfered with Plaintiff's right for leave, and to future FMLA benefits.

102.    Plaintiff was denied benefits to which she was entitled under the FMLA.

103.    As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

104.    Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

105.    Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

106.    Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, Milagros Del Valle, respectfully requests entry of:

   a.    judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b.      judgment in her favor and against Defendant for damages, including lost earnings and benefits, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.      judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT II
### FMLA RETALIATION

107.    Plaintiff re-alleges paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

108.    At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff wished to exercise her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

109.    With actual knowledge of Plaintiff's need for leave, disability and health condition, Defendant terminated Plaintiff's employment as soon as she requested  FMLA paperwork.

110.    At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

111.    As a result of Defendant' intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

112.     Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

113.    Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, Milagros Del Valle, respectfully requests entry of:

    a.    judgment in her favor and against the Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.    judgment in her favor and against the Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against the Defendant for her reasonable attorneys' fees and litigation expenses;

    d.    judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT III
### UNLAWFUL DISCRIMINATION BASED ON HANDICAP IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)

114.    Plaintiff re-alleges paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

115.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

116.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

117.    Plaintiff requested a reasonable accommodation.

118.    Defendant is aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

119.    Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled because of her disability in violation of the FCRA.

120.    Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

121.    Additionally, Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

122.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

123.    Defendant engaged in discrimination, retaliation, and failure to accommodate Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

124.    Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

125.    Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

126.    As a result of Defendant's unlawful discrimination and retaliation Plaintiff has suffered and continues to suffer damages.

127.    Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, Milagros Del Valle, respectfully requests entry of:

a.    judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation/accommodation provisions of the FCRA;

b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.      judgment in her favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT IV**
**FAILURE TO ACCOMMODATE IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Handicap)**

128.    Plaintiff re-alleges paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

129.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

130.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

131.    Plaintiff requested a reasonable accommodation.

132.    Defendant failed to grant a reasonable accommodation as requested.

133.    Defendant is aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

134.    Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled because of her disability in violation of the FCRA.

135.    Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

136.    Additionally, Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

137.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

138.     Defendant engaged in discrimination, retaliation, and failure to accommodate Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

139.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

140.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

141.     As a result of Defendant's unlawful discrimination and retaliation Plaintiff has suffered and continues to suffer damages.

142.     Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, Milagros Del Valle, respectfully requests entry of:

a.     judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation/accommodation provisions of the FCRA;

b.     judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.     judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.     judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e.     judgment in her favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS
## ACT (Handicap)

143.    Plaintiff re-alleges paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

144.    Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

145.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

146.    Plaintiff requested a reasonable accommodation.

147.    Defendant failed to grant a reasonable accommodation as requested.

148.    Defendant is aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

149.    Defendant terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled because of her disability in violation of the FCRA.

150.    Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

151.    Additionally, Defendant failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

152.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

153.    Defendant engaged in discrimination, retaliation, and failure to accommodate Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

154.    Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

155.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

156.     As a result of Defendant's unlawful discrimination and retaliation Plaintiff has suffered and continues to suffer damages.

157.     Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, Milagros Del Valle, respectfully requests entry of:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation/accommodation provisions of the FCRA;

    b.    judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

    e.    judgment in her favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant' practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

    g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## VIOLATION OF SECTION 510 ERISA

158.     Plaintiff re-alleges paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

159.     Defendant provided Plaintiff with an employee welfare plan as defined by 29 U.S.C. §1002(a), specifically health insurance.

160.     Beginning in 2018 and continuing until her unlawful termination, Plaintiff was enrolled in the benefits provided under the company's health insurance plan.

161.   Plaintiff's supervisor was aware of Plaintiff's illness.

162.   Defendant knew or should have known that Plaintiff's utilization of her employee benefit plan would continue, particularly since she intended to take FMLA leave to get medical care and follow up care.

163.   Defendant retaliated/discriminated against Plaintiff by terminating her employment.

164.   Defendant interfered with Plaintiff's right to exercise her ERISA-covered employee benefit plan.

165.   Defendant's termination of Plaintiff was designed, in part, to discourage other employees from taking sick days and/or filing claims under their employee benefit plans.

166.   Defendant fired Plaintiff, in whole or in part, because Defendant did not wish to bear the costs of Plaintiff's healthcare.

167.   Defendant interfered with Plaintiff's right to obtain medical care.

168.   Defendant discriminated against and discharged Plaintiff for exercising her right to medical care under the company's employee benefit plan.

169.   Defendant fired Plaintiff in violation so 29 U.S.C. § 1140.

WHEREFORE, Plaintiff, Milagros Del Valle, hereby demands entry of judgment in her favor and against Defendant, for any and all equitable and legal relief available including but not limited to payment of all medical bills, economic and non-economic damages, statutory damages, reinstatement and back pay as required by ERISA, as well as payment of her attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 6 day of August, 2021.

Respectfully submitted,

s/*Paul M. Botros*
Paul M. Botros, Esquire
Florida Bar No.:  063365
**MORGAN & MORGAN, P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
Email:pbotros@forthepeople.com